UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **TERRI CRAWFORD,**<br><br>Plaintiff,<br><br>v.<br><br>**DE VILLE ASSET MANAGEMENT, LTD,** aka **RIVERWALK HOLDINGS, LTD,**<br><br>Defendants. | Civil Case No.:  1:17-cv-00005<br><br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>and<br>JURY TRIAL DEMAND |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TERRI CRAWFORD (hereinafter, "Plaintiff"), a Florida resident, brings this complaint by and through her attorneys, The Law Offices of Eric W. Kem, against Defendant De Ville Asset Management, Ltd., also known as Riverwalk Holdings Ltd. (hereinafter, "Defendant"). Plaintiff makes these allegations based on information and belief, with exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges based on personal knowledge.

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

1

collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of Florida.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## **JURISDICTION AND VENUE**

9. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1692k; 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). In addition, this Court has jurisdiction over Plaintiff's supplemental State claims pursuant to 28 U.S.C. § 1367.

10. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.; and (iii) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559 *et seq*.

11. Because Defendant conducts business within the State of Florida, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person and resident of Alachua County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

14. Defendant, a Texas corporation, is a debt collector as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6); a "consumer collection agency" as that term is defined by Fla. Stat. § 559.55(7); and, an "out-of-state consumer debt collector" as defined by Fla. Stat. § 559.55(7), with its principal place of business at 1132 Glade Road, Colleyville, TX 76032.

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" as that term is defined by Fla. Stat. § 559.55(1) and a "debt" as that term is defined by 15 U.S.C § 1692a(5).

## FACTS

16. Sometime prior to 2009, Plaintiff is alleged by Defendant to have incurred financial obligations to the original creditor that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as defined above.

17. Plaintiff disputes the validity of said alleged debts.

18. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about March 31, 2015, Defendant sent Plaintiff a debt collection letter. This letter stated that Defendant had purchased the alleged debt and that Plaintiff

> should contact us as a matter of urgency at 888-205-1831 to make payment arrangements.  Please be certain you have your debit or credit card with you when you contact us.

20. On or about April 14, 2015, Plaintiff sent Defendant a letter by certified U.S. mail with return receipt, stating that she does not owe this alleged debt, that she has proof that she does not owe it, and telling Defendant not to contact her again.

21. At some point in 2015 Defendant started reporting this alleged debt as delinquent and in collections status on at least one of Plaintiff's major credit reports, namely TransUnion. This caused Plaintiff's credit score to drop severely and caused her to receive more expensive offers of credit.

22. At that time Defendant had not verified the debt and did not list the debt as disputed.

23. On or about February 26, 2016, Defendant sent Plaintiff another collection letter demanding payment.

24. On or about August 31, 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone in an attempt to collect the alleged debt. There was a pause when Plaintiff answered the call before a live operator from Defendant came on the line. This pause indicates that Defendant uses an ATDS and/or a predictive dialer.

25. Plaintiff told the operator that she does not owe the alleged debt and that they were to cease collection and credit reporting activities against her.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *ET SEQUI*

26. This is an action for violation of 15 U.S.C. § 1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. At all material times, Plaintiff was a "consumer" as that term is defined under 15 U.S.C. § 1692a(3).

29. At all material times, the alleged debt was a "debt" as that term is defined under 15 U.S.C. § 1692a(5).

30. At all material times, Defendant was a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

**31.** As more particularly described above, Defendant has violated the FDCPA in that Defendant:

   **a)** communicated with Plaintiff after written notification that Plaintiff refuses to pay the alleged debt and that Defendant cease communication in violation of 15 U.S.C. § 1692c(c), 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f;

   **b)** attempted to collect a debt that is not due in violation of 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1);

   **c)** communicated false credit information, including by failing to communicate that the alleged debt is disputed in violation of 15 U.S.C. § 1692e(8);

   **d)** did not validate the alleged debt and continued to try to collect without having validated the alleged debt in violation of 15 U.S.C. § 1692g(b);

   **e)** engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

   **f)** used false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e;

 **g)**  used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. § 1692e(10); and

 **h)**  used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

32. As a direct and proximate result of these violations of the FDCPA by Defendant, Plaintiff has been damaged. The damages to Plaintiff include but are not limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, time expended on resolving the harassment, and a damaged credit score and loss of access to affordable credit.

33. Plaintiff has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

34. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to recover actual damages, statutory damages of $1,000.00, and costs and reasonable attorney's fees.

35. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### FLA. STAT. § 559.55 *ET SEQUI*

36. This is an action for violation of Florida Statutes § 559.55, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. At all material times, Plaintiff was a "debtor" or "consumer" as that term is defined under Fla. Stat. § 559.55(8).

39. At all material times, the alleged debt was a "debt" or "consumer debt" as that term is defined under Fla. Stat. § 559.55(6).

40. At all material times, Defendant was a "debt collector" as that term is defined under Fla. Stat. § 559.55(7).

41. As more particularly described above, Defendant has violated the FCCPA in that Defendant:

    a) willfully communicated with Plaintiff after written notification that Plaintiff does not owe the alleged debt, refuses to pay the alleged debt,

and that Defendant cease communication in violation of Fla. Stat. § 559.72(7), and Fla. Stat. § 559.72(9);

b) willfully attempted to collect a debt that is not due in violation of Fla. Stat. § 559.72(7), and Fla. Stat. § 559.72(9);

c) willfully communicated false credit information, including by failing to communicate that the alleged debt is disputed in violation of Fla. Stat. § 559.72(6), Fla. Stat. § 559.72(7), and Fla. Stat. § 559.72(9); and

d) willfully engaged in conduct which reasonably can be expected to abuse or harass Plaintiff or a member of her family, in violation of Fla. Stat. § 559.72(7).

42. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages to Plaintiff include but are not limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, time expended on resolving the harassment, and a damaged credit score and loss of access to affordable credit.

43. Plaintiff has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

44. Pursuant to Fla. Stat. § 559.77, Plaintiff is entitled to recover actual damages, statutory damages of $1,000.00, and costs and reasonable attorney's fees.

45. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227, *ET SEQUI*

46. This is an action for violation of 47 U.S.C. § 227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated thereunder.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant made at least one unlawful automated call to Plaintiff's cellular phone on August 31, 2016.

49. Defendant used an unlawful autodialer, predictive dialer or "automatic telephone dialing system" ("ATDS"), defined by 47 U.S.C. § 227(a)(1), to call the cellular phone of Plaintiff without permission in violation of 47 U.S.C. § 227(b)(1)(A).

50. Defendant's calls were calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

51. Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

52. Defendant did not have the legal right to make telephone calls to Plaintiff on her cellular phone regarding the alleged debt.

53. Plaintiff did not provide her cellular phone number to Defendant or consent to receive calls from Defendant to her cellular phone.

54. At no time did Plaintiff ever enter into a business relationship with Defendant.

55. Defendant lacked "prior express consent" to use an ATDS, autodialer or predictive dialer to contact Plaintiff on Plaintiff's cellular phone.

56. Although there was never any prior express consent, even if there had been, it would have been revoked on April 14, 2015 when Plaintiff sent Defendant the cease communications letter, and thus prior to the August 31, 2016 call from Defendant.

57. The calls from Defendant to Plaintiff's cellular phone constitute separate negligent violations of 47 U.S.C. § 227(b)(3)(B) and entitle Plaintiff to an award of $500.00 in statutory damages for each and every call.

58. The calls from Defendant to Plaintiff's cellular phone constitute separate willful violations of 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and entitle Plaintiff to an award of $1,500.00 in statutory damages for each and every call at the discretion of this Court.

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

(b) Awarding Plaintiff statutory damages of $1,000.00 pursuant to Fla. Stat. § 559.77;

(c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

(d) Awarding Plaintiff costs of this action, including reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

(e) Awarding Plaintiff statutory damages of $1,500.00 pursuant to 47 U.S.C. § 227(b)(3);

(f) Awarding Plaintiff an injunction against further violations of these statutes by Defendant;

(g) Awarding pre-judgment interest and post-judgment interest;

(h) Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated:  January 10, 2017                     ___/s/ Eric W. Kem___
ERIC W. KEM, Esq.
**THE LAW OFFICES OF ERIC W. KEM, P.A.**

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on January 10, 2017 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

___/s/ Eric W. Kem___
ERIC W. KEM, Esq.
Florida Bar No. 106042
**THE LAW OFFICES OF ERIC W. KEM, P.A.**
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Telephone: (352) 275-7151